THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
ANGEL HERNÁNDEZ, Defendant and Appellant.

No. 7988. Argued January 19, 1940.—Decided January 31, 1940.

Negrón López & Negrón López for appellant. R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 22nd of December 1938, the *Fiscal* of the District Court of Mayagüez presented an information against Angel Hernández for burglary, in having entered in the nighttime the house of Esmeralda Pabón and having stolen a gold chain valued at $12.00.

The defendant first presented a plea of not guilty but subsequently asked permission to withdraw his plea of not guilty and confess himself guilty of burglary in the second degree.

Burglary is divided into two degrees. Entering in the nighttime is burglary in the first degree, entering in the daytime is burglary in the second degree. The maximum punishment for burglary in the first degree is 15 years imprisonment in the penitentiary and the maximum punishment for burglary in the second degree is two years in jail.

The *Fiscal* of the district court agreed to change and subsequently the district court sentenced the defendant to a year and a half in jail. On appeal the appellant principally maintains that the punishment is excessive. Specifically the three assignments of error as follows:

"1.—The District court of Mayagüez committed error in sentencing defendant to a year and a half in jail, nitwithstanding that the defendant voluntarily confessed before the day of the trial, and the appellant feels that the punishment is excessive and should be modified (*People* v. *Liceaga,* 36 P.R.R. 403; *People* v. *Bocanegra,* 52 P.R.R. 388.)

"2.—The District Court of Mayagüez committed error in refusing to admit evidence as to defendant's reputation.

"3.—The District Court of Mayagüez committed error in denying the motion for reconsideration filed by the appellant."

A man is charged with burglary in the first degree and agrees to plead guilty of burglary in the second degree. This case is somewhat distinct from a case where a man confesses to the information as charged. Already the defendant, with the consent of the district attorney had obtained a reduction of a possible punishment. Even without this, if the maximum

penalty for burglary in the second degree, already somewhat light, is taken into consideration, we should not consider that the court committed an abuse of discretion in fixing the punishment of a year and a half where the extreme penalty is two years. The cases cited do not militate against this position. Some of the other things we shall say about the motion for reconsideration would apply to what we have said in discussing the first assignment of error.

In his motion for reconsideration the defendant attempted to show what he expected to prove, that the defendant is a brother of the person robbed; that the defendant with great frequency, by reason of his close relation to the prosecuting witness, entered her house; and that according to the testimony of his sister, the prosecution was undertaken as a mode of correcting the brother.

When the court was about to pronounce judgment the district attorney asked to be allowed to put the prosecuting witness on the stand. From her testimony it was doubtful whether the crime had been committed in the daytime or at night. Some of the other facts which appeared in the motion for reconsideration were brought out.

So that under all the circumstances of this case it appeared that the defendant with the aid of the *Fiscal,* had every indulgence, and considering all the facts, the court committed no abuse of discretion.

The second error relates to the failure of the court to permit testimony as to the good reputation of the defendant. It might be presumed, but in any event, the question of the good reputation of the defendant may be taken into consideration. However, we do not think it is an absolute right of the defendant and the error, if any, was harmless.

We have a certain amount of sympathy for this young man but when the processes of a court are invoked, it is not the sister, or anybody else, who can determine the grade of the punishment, but the court alone.

The judgment should be affirmed.